J-S22010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEON SLOAN, | |
| Appellant | No. 2712 EDA 2017 |

Appeal from the PCRA Order Entered July 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1201211-2004

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 25, 2018**

Appellant, Keon Sloan, appeals *pro se* from the July 11, 2017 order that dismissed, as untimely, his request for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

The PCRA court provided the factual and procedural history for this matter as follows:

> On June 14, 2004, around 4:00 a.m., the two victims were asleep in a house located … in Philadelphia, Pennsylvania when Appellant and two co-defendants forced their way into the house. The three armed men went inside one victim's bedroom, demanding money.  The victim was shot in the lower leg by a co-defendant.  Then, the co-defendant passed the gun to Appellant, who continued to shoot at the victim until he had emptied his weapon.  Appellant's shots missed the victim.  As a result of the

---

* Retired Senior Judge assigned to the Superior Court.

shooting, this victim was hospitalized for two days for surgery. Hardware was permanently inserted into his lower leg.

The other victim, who was located in another room, was awakened by the sound of gunshots. The two co-defendants found the victim and shot him a total of thirteen times. As a result of the shooting, the second victim required heart-bypass surgery, was hospitalized for two months, and became permanently disabled. His left arm was paralyzed, and six bullets that could not be surgically removed were left in his body, posing possible future complications.

Following a jury trial from September 26, 2005 to October 7, 2005, Appellant was convicted of burglary (18 Pa.C.S. § 3502), aggravated assault (18 Pa.C.S. § 2702), [carrying a firearm without a license] (18 Pa.C.S. § 6106), possession of an instrument of crime (18 Pa.C.S. § 907); and criminal conspiracy (18 Pa.C.S. § 903). On December 2, 2005, Appellant was sentenced to three consecutive terms of 10 to 20 years' incarceration for the aggravated assault, burglary, and criminal conspiracy charges. The aggregate term amounted to 30 to 60 years' incarceration. Sentence was suspended on the weapons violations. Additional conditions of parole or probation included obtaining education, anger management, psychiatric counseling, drug rehabilitation, and mandatory court costs.

Appellant filed a direct appeal challenging the judgment of sentence, raising numerous claims of trial court error.[1] *See Commonwealth v. Sloan*, … 938 A.2d 1121 (Pa. Super. 2007) (unpublished mem[orandum]), *appeal denied*, 940 A.2d 364 (Pa. 2007). The judgment of sentence was affirmed. … The Superior Court, in relevant part, found Appellant's excessive sentencing claim waived because Appellant failed to challenge his sentence during the proceedings and failed to file a post-sentence motion. [65 EDA 2006] at 15-16. On December 20, 2007, our Supreme Court denied his petition for allowance of appeal. Appellant filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 28, 2008. *Sloan v. Pennsylvania*, 553 U.S. 1024 (2008).

[1] On direct appeal, Appellant argued that the court erred or abused its discretion by (1) failing to dismiss the case pursuant to Pa.R.Crim.P. 600; (2) excluding the public from the courtroom during a portion of the *voir dire*; (3) mishandling the *voir dire* and jury selection; (4) quashing a

subpoena issued to an assistant district attorney and sustaining the Commonwealth's objection to defense counsel's questioning of a detective; (5) sustaining the Commonwealth's objection to a victim['s] being questioned about his bias toward the Commonwealth; (6) denying his motion to preclude a detective from testifying; (7) overruling his objections to a detective's testimony; and (8) issuing an erroneously calculated and excessive sentence. ***Commonwealth v. Sloan***, 65 EDA 2006[, unpublished memorandum] at 3-4 [(Pa. Super. filed September 14, 2007)].

On December 22, 2008, Appellant filed his first PCRA petition and counsel was appointed. Subsequently, the PCRA counsel filed a ***Finley*** "no merit" letter in accordance with ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) and requested leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988). [Appellant's] PCRA counsel found that the petition lacked merit because "each and every one of the Petitioner's claims were raised on direct appeal and rejected by the Superior Court." ***Finley*** Letter from Pasquale Colavita, Esq. to PCRA Court (June 26, 2009) at 2. Since the issues were previously litigated, the PCRA counsel argued that Appellant's claims were unreviewable. Upon review, the [PCRA] court agreed. On July 31, 2009, the court issued its Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On September 4, 2009, the court formally dismissed Appellant's petition. Thereafter, on September 17, 2009, Appellant filed a notice of appeal. On September 9, 2010, the Superior Court affirmed. ***See Commonwealth v. Sloan***, [] 13 A.3d 976 (Pa. Super. 2010) [(unpublished memorandum)], *appeal denied*, 13 A.3d 976 (Pa. 2011). On July 25, 2011, our Supreme Court denied his petition for allowance of appeal.

On October 11, 2016, Appellant, acting *pro se*, filed this instant PCRA petition. Appellant alleged that both trial and appellate counsel provided ineffective assistance for failing to object to certain jury charges and that his aggravated assault conviction merged with robbery at sentencing. On December 6, 2016, the [PCRA] court issued its Pa.R.Crim.P. 907 notice of intent to dismiss the petition as without merit. Appellant timely filed a response to the court's notice of intent to dismiss. By Order dated July 11, 2017, the court dismissed the petition, and this timely appeal followed.

PCRA Court Opinion (PCO), 9/29/17, at 1-4.[1]

First, we must address the timeliness of Appellant's notice of appeal. On November 6, 2017, this Court issued a rule to show cause "why this appeal should not be quashed as untimely filed on August 14, 2017, from the denial of the petition for post-conviction relief on July 11, 2017." Order, 11/6/17, at 1 (single page). Subsequently, this Court issued an order rescinding the rule to show cause, leaving the issue to this panel. Order, 2/7/18, at 1 (single page). Our review of the certified record indicates that Appellant's notice of appeal was time-stamped by the PCRA court on August 1, 2017. Accordingly, we deem Appellant's notice of appeal to have been timely filed.

Next, we recognize Appellant's brief does not conform to the Rules of Appellate Procedure. His brief, *inter alia*, does not contain any statement of the questions involved as required by Pa.R.A.P. 2111(a)(4) and 2116. Nevertheless, we can readily ascertain that Appellant claims that his sentence is illegal pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013). He asserts two exceptions to the PCRA timeliness requirements, 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(1)(iii). He first claims the **Alleyne** decision was a newly-discovered fact and, second, that the **Alleyne** decision applies retroactively.

---

[1] While the PCRA court's Rule 907 notice stated that Appellant's PCRA petition lacked merit, the court's opinion indicates that his petition was denied as untimely. PCO at 5. Appellant has not raised any issues concerning the PCRA court's Rule 907 notice in his brief.

- 4 -

This Court's standard of review, regarding an order denying a petition filed under the PCRA, is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

First, Appellant appears to attempt to invoke the newly-discovered fact exception to the PCRA's timeliness requirements, Section 9545(b)(1)(ii). In this regard, he asserts that the *Alleyne* decision is a newly-discovered fact of which he was previously unaware. *See* Appellant's Brief at 4-5. This claim is meritless. Our Supreme Court has held "that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

Second, Appellant asserts that the *Alleyne* decision satisfies the retroactive-right exception pursuant to Section 9545(b)(1)(iii). Appellant's Brief at 4. However, as this Court has recognized: "Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).[2] Accordingly, this claim is also meritless.

Third, we address Appellant's assertion that, once he learned of the *Alleyne* decision, he had asked "the United States Supreme Court for a stay

---

[2] Indeed, following this Court's decision in *Miller*, our Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).

or remand so that he c[ould] address the issues." Appellant's Brief at 5. This claim is patently false. As noted above, Appellant's writ of certiorari filed in the United States Supreme Court was denied by the High Court on April 28, 2008. **Alleyne** was subsequently decided in 2013.

For the above reasons, we conclude that the lower court's order dismissing Appellant's PCRA petition as untimely is supported by the evidence of record and free of legal error.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/25/18</u>